# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1834V

| | |
|---|---|
| ELIZABETH SCHAFER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Benjamin Paul Kates*, Pleban & Associates Law LLC, St. Louis, MO, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On September 10, 2021, Elizabeth Schafer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a Table injury, resulting from an influenza vaccine she received on September 27, 2019. Petition, ECF No. 1. On September 4, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,883.50 (representing $37,040.50 in fees plus $1,843.00 in costs). Application for Fees and Costs ("Motion") filed February 25, 2025. ECF No. 47. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 47-4.

Respondent reacted to the motion on February 28, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 48. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### ATTORNEY FEES

Petitioner requests that I endorse the following hourly rates for work performed by attorney Benjamin Kates: $375.00 for 2020; $400.00 for 2021-22; $450.00 for 2023; and $475.00 for 2024. Petitioner has also requested that I endorse the following rates for attorney Jonathan Pleban: $375.00 for 2019; $390.00 for 2020; $450 for 2022; and $480.00 for 2023. These rates require further evaluation and adjustment.

Attorney Kates was previously awarded the *lesser* rates of $337.00 per hour for work performed in 2020, and $365.00 per hour for work performed in 2021. *See Fontana* v. *Sec'y of Health & Hum. Servs.,* No. 20-0265, Slip Op. 62 (Fed. Cl. Spec. Mstr. February 7, 2023). I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce attorney Kates's rates for work performed in the 2020-21 timeframe to be consistent with the rates previously awarded to him in the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $1,365.80**.[3] However, I find the proposed rates of **$450.00 for 2023 ,and $475.00 for 2024, to be reasonable**.

Although the proposed rates for Mr. Pleban's work fall within the relevant experience ranges provided in OSM's Fee Schedules for similarly-situated attorneys[4], his specifically-requested rates are excessive. It also appears that Mr. Pleban has yet to receive established hourly rates in the Program for years 2018 and 2021. Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[5] I find the following hourly rates to be more appropriate for Mr. Pleban's work: **$325.00 for 2018; $330.00 for 2019; $335.00 for 2020; $355.00 for 2021; $375.00 for 2022; and $400.00 for 2023.** These rates reflect a more modest increase

---

[3] This amount consists of reducing Benjamin Kates hourly rates for years 2020-21 only and is calculated as follows: ($375.00 - $337 = $38.00 x 9.60 hours billed) + ($400.00 - $365.00 = $35.00 x 28.60 hours billed) = $1,365.80 in fees to be reduced.

[4] The Attorneys' Fee Schedule is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

and place Mr. Pleban in the appropriate experience ranges based on the OSM Fee Schedules. Application of the foregoing reduces the amount to be awarded herein by **$344.25**.[6] All other time billed to the matter shall be awarded.

## ATTORNEY'S COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 47-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$37,173.45 (representing $35,330.45 in fees plus $1,843.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[6] This amount consists of reducing Jonathan Pleban's hourly rates for years 2019-23 and is calculated as follows: ($375.00 - $330.00 = $45.00 x 3.00 hours billed) + ($390.00 – $335.00 = $55.00 x 3.25 hours billed) + ($450.00 - $375.00 = $75.00 x 0.30 hours billed) + ($480.00 - $400.00 = $80.00 x 0.10 hours billed) = $344.25 in fees to be reduced.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.